IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY JERMAINE SCOTT, #675708,<br>Petitioner, | § § § | |
| v. | § | 3:10-CV-1248-N (BK) |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>Respondent. | § § § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was re-referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice (TDCJ) at the McConnell Unit in Beeville, Texas. Respondent is the TDCJ Director. The court did not issue process in this case.

Petitioner is presently serving a sixty-year sentence for murder. *See State v. Scott*, No. F93-04866-VP (Dallas County Apr. 4, 1994).[1] In his federal habeas petition, he challenges the procedures used by the Board of Pardons and Parole ("Board") on December 30, 2009, in denying his parole and setting the next review date. Petitioner asserts the Board failed to produce

---

[1] The court obtained the underlying criminal conviction and sentence from the TDCJ's website because Petitioner refused to provide them in his federal petition. (*See* Doc. #1 at 2, and Doc. #8 at 2.)

a written statement explaining its departure from the guidelines in compliance with Texas Gov't Code § 508.144(b)(1).

The magistrate judge issued a questionnaire inquiring about exhaustion of state court remedies. Petitioner filed his response on November 23, 2010, confirming his failure to exhaust. (Doc. #14.)

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement with respect to his parole procedure and denial claims. In response to the magistrate judge's questionnaire, he concedes he did not file a state habeas application under article 11.07 raising the claims at issue in his federal petition. (Doc. # 14 at 1.) *See Ex parte Geiken*, 28 S.W.3d 553, 555-56 (Tex. Crim. App. 2000)

(parole denial issues exhausted through art. 11.07 state habeas application); *see also Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (special review of parole denial was not needed before exhaustion of art. 11.07 state habeas remedies). Having failed to exhaust, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

SIGNED November 29, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE